Per Curiam.
The plaintiff commenced two actions against the defendant in different courts. One of said actions was brought in the City Court of the City of New York, Bronx County, and the other in the Supreme Court, where they were consolidated and tried together.
The City Court complaint set forth three causes of action. The plaintiff sought recovery of $1,500 on two causes of action based upon separate theories of wages earned and reasonable value of services and pleaded a third cause of action to recover $500 as the amount of an alleged bonus. The Supreme Court action involved a claim for $5,250 damages for alleged wrongful discharge. Upon the trial the amount of this claim was reduced by $1,592.50 concededly earned by the plaintiff in other employment between the date of the alleged discharge in August, 1944, and the end of the contract period on December 31, 1944. Although the complaint was verified on December 22,1944, no credit had been given therein for any part of this sum.
The defendant’s counsel in summation attempted to refer to the various amounts claimed by the plaintiff under the complaints in the two actions and his failure to allow any credit in the Supreme Court action for the $1,592.50. The trial court directed that the defendant’s counsel omit all reference to any sums claimed in the pleadings on the ground that such matter was not for the consideration of the jury. When the defendant’s counsel insisted that the plaintiff’s credibility might be affected by the various claims and the failure to credit admitted earnings, the right to complete his summation'was summarily terminated by the trial court.
The jury returned a nonunanimous verdict in the plaintiff’s favor on the cause of action for wrongful discharge, but unanimously decided the other causes of action for the defendant.
The factual issues with respect to the claim for wrongful discharge were closely contested. Before arriving at a verdict the jury indicated by .a request for additional instructions that the amount of damage which might- be awarded was a matter of some concern to them.
Under the circumstances we find that the curtailment of the defendant’s right of summation presented prejudicial error, requiring a reversal of the *754 judgment in favor of the plaintiff and a severance and new trial of the action for wrongful discharge.
The judgment, so far as appealed from, a¡nd the order should he reversed, the action severed and a new trial granted on the action for wrongful' discharge, with costs to the appellant to abide the event.
Martin, P. J., Glennon, Dore, Callahan and Peck, JJ., concur.
Judgment, so far as appealed from, and the order unanimously reversed, the action severed and a new trial granted of the action for wrongful discharge, with costs to the appellant to abide the event. Settle order on notice.